IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JULIUS GLEGHORN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-1295-MAB |
| | ) |
| **MIKA LOGISTICS INC.** and | ) |
| **SERGEI VLASOV,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is before the Court on the Motion for Default Judgment against Defendant Mika Logistics Inc. filed by Plaintiff Julius Gelghorn (Doc. 23), as well as, the Motion to Set Aside Clerk's Entry of Default filed by Defendants Mika Logistics and Sergei Vlasov[1] (Doc. 32).

### BACKGROUND & FACTS

Plaintiff Julius Gleghorn filed this lawsuit on November 25, 2019 against his former employer, Mika Logistics, Inc., and his supervisor at the company, Sergei "Last Name Unknown" ("LNU") for unlawful compensation practices and racial discrimination (Doc. 1). He asserted federal claims under the Fair Labor Standards Act and Title VII of the Civil Rights Act, as well as state law claims under the Illinois

---

[1] Plaintiff named Sergei "Last Name Unknown" ("LNU") as a Defendant (Doc. 1). He has since identified himself as Sergei Vlasov (Docs. 26, 32).

Minimum Wage Act and the Illinois Wage Payment and Collection Act (Doc. 1).

Summons was issued as to both Defendants and on January 6, 2020, Plaintiff filed returns of service, which indicated that the summons and complaint for both Defendants were left with Tom Mika on December 18, 2019 (Docs. 4, 5, 7, 8). Tom Mika has identified himself as the Executive Director of Mika Logistics (Doc. 38-1), as well as the Senior Operations Manager (Doc. 41-1). When neither Mika Logistics nor Sergei LNU filed an answer or other responsive pleading by the deadline on January 8, 2020, Plaintiff sought an entry of default against them, which was entered by the Clerk of Court on January 28, 2020 (Docs. 13, 14, 15). The following day, Plaintiff filed motions for default judgment against both Defendants (Docs. 16, 17). These motions were denied on April 17, 2020 due to insufficient information and supporting documentation (Doc. 20).

On July 1, 2020, Plaintiff filed an amended motion for default judgment against only Mika Logistics (Doc. 23; Doc. 24). He conceded that service on Defendant Sergei LNU was improper and therefore Plaintiff was not seeking a default judgment against Sergei LNU (Doc. 24, p. 2).

On August 3, 2020, Defendants Mika Logistics and Sergei LNU filed a Motion to Set Aside Clerk's Entry of Default (Doc. 32). Plaintiff filed a response in opposition to Defendants' motion on August 24, 2020 (Doc. 38), to which Defendants filed a reply on September 8, 2020 (Doc. 41).

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that "[f]or good cause shown the court may set aside an entry of default . . . ." FED. R. CIV. P. 55(c). "A party seeking to

vacate an entry of default prior to the entry of final judgment must show: '(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the complaint.'" *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630 (7th Cir. 2009) (quoting *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007). The Seventh Circuit "has a well-established policy favoring a trial on the merits over a default judgment." *Sun*, 473 F.3d at 811; *accord Cracco*, 559 F.3d at 631. "For that reason, a default judgment should be used only in extreme situations, or when other less drastic sanctions have proven unavailing." *Sun*, 473 F.3d at 811.

The Court concludes that Defendants have made the required showings to vacate the entries of default against them. Tom Mika asserted via an affidavit that he is originally from Poland and English is not his first language (Doc. 41-1; *see* also Doc. 38-1). He claims that he did not understand the significance or time-sensitive nature of the summons and complaint (Doc. 41-1). Plaintiff, however, claims that Tom Mika *did* understand the "severity of this lawsuit and the pending issues," as evidenced by the affidavit of a former co-worker who asserts that in December 2019 Mika Logistics offered to pay him $5,000 to sign a statement swearing that Plaintiff was never discriminated against or shorted pay (Doc. 38, p. 5; Doc. 38-4). But Plaintiff's contention does not negate Tom Mika's contention. Both can be true at the same time. Tom Mika could have asked one of his drivers to sign a false affidavit in December 2019 while at the same time failing to appreciate significance or time-sensitive nature of the summons and complaint. While Tom Mika's handling of the summons and complaint was far from exemplary or advisable, there is nothing that definitively indicates he acted with deliberate disregard

for the judicial proceedings in failing to respond to Plaintiff's complaint. There is also no evidence that Plaintiff was prejudiced and Mika's conduct was certainly not so extreme as to make this one of those rare situations where default judgment is appropriate. *See Cracco*, 559 F.3d at 631 (finding defendant company showed good cause for defaulting when registered agent forwarded the summons and complaint to employees "who did not understand their significance"); *see also Sims v. EGA Prod., Inc.*, 475 F.3d 865, 868 (7th Cir. 2007) (explaining that the "good cause" standard for vacating an entry of default under Rule 55(c) "must be easier to satisfy" than the "good cause" standard of Rule 60(b), which allows relief from a default judgment for "mistake and inadvertence in addition to excusable neglect").

Defendant Sergei LNU has also shown good cause for defaulting. His summons and copy of the complaint were left with Tom Mika (Doc. 8), and Sergei LNU asserts via an affidavit that he did not receive the them—and thus did not know that Plaintiff was attempting to sue him—until July 2020 (Doc. 41-2). There is no evidence to the contrary (*see* Doc. 38).

Defendants also acted in a timely fashion to correct their default. They retained an attorney on July 30, 2020, and their attorney moved to set aside entry of default two business days later (Doc. 32). Lastly, Defendants have set forth potentially meritorious defenses, including insufficient service of process on Sergei LNU and improper venue (Doc. 32; Doc. 41; Doc. 32-1; Doc. 32-2). They also contend that Plaintiff was an independent contractor and not an employee and that Plaintiff was terminated for a legitimate, non-discriminatory reason (Doc. 41; Doc. 41-3; Doc. 41-4).

For these reasons, Defendants' Motion to Set Aside Clerk's Entry of Default (Doc. 32) is **GRANTED**. The entries of Default against Defendants Mika Logistics and Sergei Vlasov (Doc. 15) are **VACATED.** Plaintiff's Motion for Default Judgment against Defendant Mika Logistics Inc. (Doc. 23) is **DENIED as moot**. Plaintiff's request for fees and costs associated with obtaining the entry of default and responding to Defendants' motion to set aside (*see* Doc. 38, p. 7) is **DENIED.**

Defendants shall file their answer or other responsive pleading to the complaint (Doc. 1) on or before January 29, 2021.

**IT IS SO ORDERED.**

**DATED: December 22, 2020**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**
